CRIEAMORIA SNEZE, Plaintiff, *v.* NATIONAL ACCIDENT SOCIETY, Defendant.

Supreme Court, Appellate Term, Second Department, October —, 1928.

————  ————, for the plaintiff.

————  ————, for the defendant.*

PER CURIAM. Judgment unanimously reversed upon the law, and new trial granted, with thirty dollars costs to appellant to abide the event.

Under the provisions of the policy, there could be no recovery for the loss of plaintiff's hand, unless there were "actual and complete severance at or above the wrist." Concededly, plaintiff's hand was not amputated. Moreover, there could be no recovery for the loss of the hand, and also a recovery under the accident indemnity provisions. Whether Exhibit 4 is a proof of loss in compliance with the policy, and, if not, whether further proof was given or waived, and whether semimonthly notices were given or waived, may be determined on the new trial.

The plaintiff, even though an infant, could, under the provisions of section 55 of the Insurance Law (as amd. by Laws of 1923, chap. 33), execute a binding release. It was error to exclude the proof offered to show that she did not knowingly execute it, or that it was executed by means of misrepresentation.

All concur; present, CROPSEY, MACCRATE and LEWIS, JJ.